IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
WILLIE JUNIOR LLOYD,           )
                               )
                Petitioner,    )
                               )
          v.                   )    1:19CV602
                               )
ERIK A. HOOKS, Secretary,      )
North Carolina Department of   )
Public Safety,                 )
                               )
                Respondent.    )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has moved for summary judgment both on grounds of untimeliness and on the merits. (Docket Entries 8, 9.) For the reasons that follow, the Court should grant Respondent's instant Motion, and dismiss the Petition as untimely.

### I. **Procedural History**

On July 23, 1999, in the Superior Court of Alamance County, a jury found Petitioner guilty of first degree murder in case 98CRS24229 (see Docket Entry 1, ¶¶ 1, 2, 4-6; see also Docket Entry 1-1 at 34-35) and the trial court sentenced Petitioner to death (see Docket Entry 1, ¶ 3; see also Docket Entry 1-1 at 34-35).[1] Petitioner appealed (see Docket Entry 1, ¶¶ 8, 9(a)-(f)), and the

---

[1] Throughout this document, pin citations to page numbers refer to the page numbers that appear in the footer appended to documents upon their docketing in the CM/ECF system.

North Carolina Supreme Court found no error in Petitioner's convictions but remanded for resentencing, State v. Lloyd, 354 N.C. 76 (2001). At resentencing on August 7, 2002, the trial court sentenced Petitioner to life imprisonment without the possibility of parole. (See Docket Entry 1, ¶ 3; see also Docket Entry 1-1 at 36-37.)

Petitioner did not thereafter appeal the trial court's judgment of August 7, 2002, but did, on March 4, 2019, file a pro se motion for appropriate relief ("MAR") in the trial court (see Docket Entry 1, ¶¶ 10, 11(a); see also Docket Entry 1-1 at 8-9 (trial court's order denying MAR and reflecting MAR's filing date)).[2] The trial court denied Petitioner's MAR on May 14, 2019. (Docket Entry 1, ¶ 11(a)(7), (8); see also Docket Entry 1-1 at 8-9.)[3]

Petitioner subsequently filed the instant Petition on June 10, 2019. (Docket Entry 1 at 18.)[4] Respondent moved for summary

---

[2] The record does not contain a copy of Petitioner's MAR.

[3] Although Petitioner indicates that he "appeal[ed] [the trial court's denial of his MAR] to the highest state court having jurisdiction over the action taken on [his MAR]" (see Docket Entry 1, ¶ 11(d), Petitioner has neither produced a copy of any such appeal, nor provided any further details regarding the matter (see generally Docket Entries 1, 12). In any event, as discussed below, any such appeal would not change the untimeliness of the Petition, see Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

[4] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on June 10, 2019, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities (see Docket Entry 1 at 18).

2

judgment both on grounds of untimeliness and on the merits (Docket Entries 8, 9), and Petitioner responded in opposition (Docket Entry 12) and filed a Motion for Appointment of Counsel (Docket Entry 11). For the reasons that follow, the Court should grant Respondent's instant Motion, because Petitioner submitted his Petition outside of the one-year limitations period.

## II. Grounds for Relief

The Petition raises two grounds for relief: 1) "[Petitioner]'s rights were violated under [the] 5th, 6th, 8th, [and] 14th Amendments to the U.S. Constitution, [and] Article 1[,] §[§] 1, 18, 19, 23, 24, 27 [and] 35 of the North Carolina Constitution" (Docket Entry 1, ¶ 12(Ground One)) because, "[b]y waiting one year to docket [his] resentencing under th[e] new [version of N.C. Gen. Stat. § 15A-2004], the [trial] court was stripped of its ability to impose a[] lesser sentence [than life imprisonment without the possibility of parole] or to . . . consider mitigating circumstances" (Docket Entry 1 at 6 (setting forth "Attached Facts for Ground One")); and 2) [Petitioner]'s rights were violated under [the] 5th, 6th, 8th, [and] 14th Amendments to the U.S. Constitution, [and] Article 1[,] §[§] 1, 18, 19, 23, 24, 27 [and] 35 of the North Carolina Constitution[ and] Due Process" (Docket Entry 1, ¶ 12(Ground Two)), in that Petitioner's "case was prejudiced by [his] not having been offered [sic] a plea bargain" and by the trial court's overruling of Petitioner's trial counsel's

3

objections at a hearing under Rule 24 of North Carolina's General Rules of Practice for the Superior and District Courts and denial of several pretrial motions (Docket Entry 1 at 8 (providing "Attached [F]acts for Ground Two")).

### III. Discussion

Respondent seeks summary judgment on the grounds that the Petition was filed outside of the one-year limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d)(1). (See Docket Entry 9 at 11-18.) In order to assess Respondent's statute of limitations argument, the Court must first determine when Petitioner's one-year period to file his Petition commenced. The United States Court of Appeals for the Fourth Circuit has explained:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008). The Court must determine timeliness on claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005).

Respondent correctly contends that the Petition qualifies as untimely under subparagraph (A). (Docket Entry 9 at 12.)[5] At Petitioner's resentencing on August 7, 2002, he "received the only sentence he could have received other than death, i.e., life imprisonment without parole" and thus he "had no right to appeal." (Id.) Further, "even if he did have a right to appeal[,] it would have fully expired [14] days later when his right to file notice of appeal expired," see N.C. R. App. P. 4(a)(2) (allowing 14 days to appeal from criminal judgment). (Docket Entry 9 at 12.) Therefore, Petitioner's judgment upon resentencing on August 7, 2002, finalized, at the latest, on August 21, 2002. See Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (holding that a petitioner's

---

[5] Neither Petitioner nor Respondent argue that subparagraphs (B), (C), or (D) apply in this situation. (See Docket Entries 1, 9, 12.) Moreover, the plain language of subparagraphs (B) and (C) confirms that they have no possible application, as Petitioner has not alleged any "impediment to filing" the instant Petition, 28 U.S.C. § 2244(d)(1)(B), and his Grounds for Relief involving improper resentencing under a new state law, the prosecution's failure to offer Petitioner a plea bargain, and the trial court's rulings on certain objections and pretrial motions, do not invoke a new "constitutional right" recognized by the United States Supreme Court and "made retroactively applicable to cases on collateral review," 28 U.S.C. §2244(d)(1)(C). Furthermore, as Respondent has observed, subparagraph (D) could not apply because "Petitioner's [] Grounds for Relief . . . are based on factual predicates he was aware of, or through exercise of due diligence should have been aware of through public sources since the time of his [August 7,] 2002 resentencing judgment and commitment." (Docket Entry 9 at 12.)

5

case becomes final when the time for pursuing direct review expires). Petitioner's one-year period then ran, unimpeded, from August 21, 2002, until it expired one year later on Thursday, August 21, 2003. Petitioner did not file his instant Petition until June 10, 2019 (Docket Entry 1 at 18), over 15 years out of time.

Petitioner maintains that his Petition remains timely, because "Due Process allows [him] to file a [MAR] in the [trial court]" at any time and, thus, "[his] sentence did not actually become final until the [trial] court ruled on [his] . . . MAR[]." (Docket Entry 1, ¶ 18.) However, because (as detailed above) Petitioner filed his pro se MAR on March 4, 2019, well <u>after</u> AEDPA's one-year statute of limitations had <u>already run</u>, that belated filing could not toll the limitations period, <u>see</u> <u>Minter v. Beck</u>, 230 F.3d 663, 665 (4th Cir. 2000) (finding that state filings made after expiration of federal limitations period do not restart or revive that period). Moreover, in Petitioner's response in opposition to Respondent's instant Motion, Petitioner neither contested the timeliness analysis nor provided any grounds for equitable tolling of the limitations period, <u>see</u> <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (holding that equitable tolling requires proof that "extraordinary circumstance . . . prevented timely filing"). (<u>See</u> Docket Entry 12.) Therefore, Petitioner filed his claims untimely, outside of the statute of limitations.

6

## IV. Conclusion

The statute of limitations bars the instant Petition.[6]

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 8) be granted, that the Petition (Docket Entry 1) be dismissed, and that a judgment be entered dismissing this action, without issuance of a certificate of appealability.

**IT IS ORDERED** that Petitioner's Motion for Appointment of Counsel (Docket Entry 11) is **DENIED**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

November 20, 2019

---

[6] For this same reason, the undersigned will deny Petitioner's separate Motion for Appointment of Counsel (Docket Entry 11).